Toplovich et al. *v.*
Spitman et al., Appellants.

Argued November 17, 1975. Before WATKINS, P. J.,
JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT,
and SPAETH, JJ.

*Michael E. Dunlavey*, with him *Orton & Nygaard*, for appellants.

*Douglas Rozelle*, for appellees.

OPINION BY VAN DER VOORT, J., March 29, 1976:

Appeal is taken to this Court from an Order of the lower court denying appellants' petition to open judgment. The record shows appellees' complaint in equity was filed on May 8, 1975 and service thereof made on May 9, 1975. On May 28, 1975, appellants' counsel asked for and received from counsel for appellees a one week's extension of time in order to answer the complaint. On May 29, 1975, appellants' counsel entered his appearance. By counsel's agreement, appellants' answer became due on June 6, 1975, a Friday. On the following Tuesday, June 10, 1975, appellees filed a praecipe for judgment, which judgment was entered on their behalf. The record reflects that appellants' answer was filed on June 12, 1975. On June 19, 1975, appellants filed a petition to open the judgment. This relief was denied by Order of July 9, 1975.

Preliminarily we deny appellants' motion before our Court to quash appellees' brief, finding that the record is sufficiently complete for our purposes.[1]

"As we have had occasion to reiterate several times recently, a petition to open a judgment is a matter of judicial discretion, is an appeal to the court's equitable

---

1. This motion was filed with our Prothonotary on November 12, 1975; appellees answered on November 17, 1975.

powers, and is to be exercised only when three factors coalesce:

(1) The petition has been promptly filed;

(2) A meritorious defense can be shown (footnote omitted); and

(3) The failure to appear can be excused." *Balk v. Ford Motor Co.*, 446 Pa. 137, 140, 285 A.2d 128, 130-131 (1971). Our considerations as to the presence or absence of these requirements is tempered by our application of equitable principles, for we sit as would a chancellor in equity to determine how best justice can be served. *Kanai v. Sowa*, 109 Pa. Superior Ct. 426, 167 A. 429 (1933) and *Oppenheimer v. Shapiro*, 163 Pa. Superior Ct. 185, 60 A.2d 337 (1948). Our deliberations of an equitable nature will be addressed to a weighing of the prejudices inflicted upon the opposing parties by whatever inaction of counsel occasioned the right of the successful party to obtain judgment. See *Borjes v. Wich*, 171 Pa. Superior Ct. 505, 90 A.2d 288 (1952).

It is clear that appellants have met the first two requirements. Filing the petition to open judgment nine days following entry of judgment, and placing it for argument on July 9, 1975, is prompt action. Appellants have posited a meritorious defense by way of laches, fraud, mistake, and lack of clean hands. We view these as defenses which, if proved, could defeat appellees' claim for relief based upon an alleged breach of a clause in a deed (whereunder certain rights and entitlements were reserved to appellees) causing appellees to lose these rights.

We are particularly troubled by appellants' treatment of the third requirement, viz: excuse for the delay. Appellants' counsel proposes that it is solely due to his careless failure to sign the answer and forward it timely by mail to the Warren County Prothonotary that appellants' answer was not filed within the agreed period of extension. We are cognizant of the added burdens upon attorneys who practice some distance from the site

where their papers must be filed, but it must be their duty to compensate for this when dealing with the mail. It is evading the point now to argue that the responsive pleading was in the mail on June 10, 1975, the day on which appellees obtained judgment, and to claim that action was therefore prior to the entry of judgment. Appellants' counsel must stand reproach for careless handling of his clients' interests. But we, sitting as a chancellor in order to determine relative equities, must consider the interests of the parties involved. Appellants' position should not be prejudiced by attorney carelessness to observe professional standards. In this balance must also be considered the right of appellees to obtain judgment. However appellees' counsel failed to notify opposing counsel of his intention to take judgment, which is an oft-stated obligation when judgment is to be "snapped." Therefore, on this balance, we view greater prejudice obtaining to the parties appellant by affirming the lower court's Order, and lesser prejudice to the parties appellee by reversing the Order and allowing the case to go to trial. We hold that the lower court erred by not addressing itself to this aspect of equity. See *Balk* and *Oppenheimer, supra,* and also *Johnson v. Yellow Cab Co.,* 226 Pa. Superior Ct. 270, 307 A.2d 423 (1973). So holding, we must therefore conclude, as in *Borjes, supra,* that mistake or oversight by counsel which enables a default judgment to be entered and results in prejudice to parties' rights to raise a defense, which prejudice is out of proportion and greater than that caused by opening the judgment, this imbalance coupled with a judgment entered swiftly (within two working days) without notice to counsel of record, constitutes a basis for opening the judgment.

Order reversed.

SPAETH, J., concurs in the result.

JACOBS, J., dissents.