430 A.2d 278

**Ralph P. HORAN, Trustee in Bankruptcy, Appellant,**

v.

**R. S. COOK & ASSOCIATES, INC.**

Superior Court of Pennsylvania.

Argued June 11, 1980.

Filed Feb. 6, 1981.

266

Paul Breen, Philadelphia, for appellant.

Steven D. Johnson, Philadelphia, for appellee.

Before BROSKY, HOFFMAN and CIRILLO, JJ.*

* Judge Vincent A. Cirillo of the Court of Common Pleas of Montgomery County, Pennsylvania is sitting by designation.

**HOFFMAN, Judge:**

Appellant contends that the lower court abused its discretion in opening a default judgment entered against appellee. We agree and, accordingly, reverse the order of the court below and reinstate the default judgment.

Plaintiff-appellant, Ralph P. Horan, is the trustee in bankruptcy of the estate of Numeroff & Company, Inc., an electrical contracting firm. On December 11, 1978, plaintiff instituted this action by filing a complaint in assumpsit alleging that defendant-appellee, R. S. Cook & Associates, Inc., had failed to pay the bankrupt for work performed as defendant's subcontractor. Defendant was served with the complaint on December 13, 1978, and defense counsel entered his appearance on December 22, 1978. On the latter date, defense counsel's secretary telephoned plaintiff's counsel to request a thirty day extension of time in which to respond to the complaint. Plaintiff's counsel granted the extension, and later that day defense counsel confirmed the extension by letter. The extension expired on February 1, 1979. On February 28, 1979, defendant having filed no answer or other pleading, plaintiff caused judgment by default to be entered against defendant pursuant to Pa.R. Civ.P. 1511(a).[1]

On April 10, 1979, defendant filed a petition to strike or, in the alternative, open the judgment in which it attributed its failure to answer the complaint to its counsel's inadvertence in overlooking the expiration of the thirty day extension. Defendant attempted to explain counsel's inadvertence by stating that at the time of the extension, counsel was in the process of dissolving his law firm and making arrangements for opening his own law office. Additionally, the petition averred that "counsel's usual practice of obtaining indefinite extensions gave rise to a misapprehension that the instant extension was similarly open-ended." The lower court initially denied the petition. Subsequently, however,

1. Rule 1511(a) provides in pertinent part: "The prothonotary, on praecipe of the plaintiff, shall enter a judgment by default against the defendant for failure to plead within the required time to a complaint which contains a notice to defend."

the court granted defendant's petition for reconsideration, vacated its previous order, and opened the judgment. Plaintiff then took this appeal.

"A petition to open a judgment is addressed to a court's equitable powers, and the exercise of those powers will not be disturbed on appeal in the absence of an abuse of discretion." *Hutchison v. Hutchison*, 492 Pa. 118, 123, 422 A.2d 501, 503–04 (1980). "Nevertheless, before a court may properly open a judgment the party seeking such relief must (1) timely file his petition to open; (2) show a meritorious defense . . ., and (3) reasonably explain the default which occasioned entry of the judgment." *Service Bureau Co. v. Taylor, Meyer & Associates*, 277 Pa.Super. 560, 566, 419 A.2d 1291, 1294 (1980). "While it is true that a mistake or inadvertence of counsel will often justify the opening of a default judgment entered against a defendant, a reasonable excuse for the default must be offered." *Spilove v. Cross Transportation, Inc.*, 223 Pa.Super. 143, 147, 297 A.2d 155, 157 (1972) (citations omitted). *See also Texas & B. H. Fish Club v. Bonell Corp.*, 388 Pa. 198, 201, 130 A.2d 508, 509–510 (1957); *Shainline v. Alberti Builders, Inc.*, 266 Pa.Super. 129, 140 n.6, 403 A.2d 577, 582 n.6 (1979); *Alexander v. Jesray Construction Co.*, 237 Pa.Super. 99, 103, 346 A.2d 566, 568 (1975).

We conclude that defendant did not reasonably explain its failure to file a timely answer. Defense counsel's misapprehension as to the length of the extension cannot be considered reasonable where he himself sought the extension and specified its length. Any uncertainty as to the expiration of the extension easily could have been resolved had counsel reviewed his confirming letter or contacted plaintiff's counsel. Moreover, counsel's preoccupation with dissolving his law firm and establishing his own practice does not constitute a reasonable excuse for the default. *See Walters v. Harleysville Mutual Casualty Co.*, 417 Pa. 438, 207 A.2d 852 (1965) (defense counsel's statement that he was too

busy to answer complaint not a reasonable excuse); *King v. Fayette Aviation*, 226 Pa.Super. 588, 323 A.2d 286 (1974) ("burdens of litigation" not a reasonable excuse).

In concluding that defendant had reasonably explained the default, the lower court stated: "[E]ven though defense counsel had not lived up to the deadline agreed upon, he had reason, on the basis of communication with opposing counsel, to expect that a 'snap' judgment would not be taken." Lower Court Opinion at 3. We disagree. First, defendant concedes that its counsel had had no communication with plaintiff's counsel between December 22, 1978, and March of 1979. Thus, defense counsel could not have reasonably believed that it was unnecessary to comply with the terms of the extension. Additionally, although "snap judgments taken without notice are strongly disfavored by the courts,"[2] *Queen City Electrical Supply Co. v. Soltis Electric Co.*, 491 Pa. 354, 361, 421 A.2d 174, 177–78 (1980), the judgment in this case, entered twenty-seven days after the extension expired, cannot be characterized as a "snap" judgment. *Compare Queen City Electrical Supply Co. v. Soltis Electric Co.*, supra (one day); *Kraynick v. Hertz*, 443 Pa. 105, 277 A.2d 144 (1971) (one day); *Fox v. Mellon*, 438 Pa. 364, 264 A.2d 623 (1970) (one day); *Safeguard Investment Co. v. Energy Service Associates*, 258 Pa.Super. 512, 393 A.2d 476 (1978) (one day); *Toplovich v. Spitman*, 239 Pa.Super. 327, 361 A.2d 425 (1976) (four days). Because defendant failed to reasonably explain its failure to answer the complaint, we hold that the lower court abused its discretion in opening the judgment.

Order reversed and judgment of default reinstated.

2. Pa.R.Civ.P. 237.1 (effective February 1, 1980), which now generally requires prior notice of intent to enter a default judgment, states that prior notice is not required "[i]f a written agreement for an extension of time specifies a time within which the required action must be taken and a default occurs thereafter . . . ." Thus, had that rule been in effect at the time of entry of judgment in this case, plaintiff would not have been required to notify defendant before obtaining the default judgment.