436 A.2d 1212

**Walter REYER, Appellant,**

v.

**John J. GUINTA, t/d/b/a Manzella-Guinta Funeral Home.**

Superior Court of Pennsylvania.

Argued Jan. 14, 1981,

Filed Nov. 6, 1981.

John F. Becker, Pittsburgh, for appellant.

Louis H. Ceraso, New Kensington, for appellee.

Before SPAETH, SHERTZ and MONTGOMERY, JJ.

MONTGOMERY, Judge:

The instant appeal arises from an order of the lower court granting a Petition to Open a Default Judgment which had been entered against the Defendant-Appellee, in a trespass action.

The record shows that the Plaintiff-Appellant filed a Praecipe for Writ of Summons in Trespass to recover damages for injuries he allegedly sustained while attempting to cross the Appellee's property on his motorcycle. The Writ was issued on July 11, 1975, subsequently reissued on May 14, 1976, and again reissued on February 11, 1977. The second reissued Writ was served on the Appellee on February 16, 1977. A Complaint in Trespass was filed on April 27, 1977 and a copy of the Complaint, with a notice to defend, were sent to the Appellee by certified mail. On September 30, 1977, an affidavit of service, accompanied by a receipt for certified mail, was filed by the Appellant's original attorney.[1] On the same date, Appellant's attorney entered Judgment against the Appellee for failure to file an Answer within the required period of twenty days of service of the Complaint. Notice of the entry of Judgment was also sent to the Appellee by the Prothonotary on September 30, 1977. The Appellee denied having received notice of the Default Judgment until November, 1979. In June, 1978 the Appellant's original attorney was suspended from practicing law in this Commonwealth and on February 22, 1979, was disbarred from the practice of law. Thereafter, on November 5, 1979, the Appellant's present counsel placed this case on the call list. On February 14, 1980, approximately two years and five months after the Default Judgment was originally entered and the Prothonotary's notice sent, and approximately three months after the Appellee admitted he received notice of its entry, he filed a Petition to Strike Off, or in the alternative, to Open the Default Judgment. The lower court initially denied the Appellee's Petition, but after Appellee filed exceptions, the lower court, sitting en banc, granted the Appellee's Petition to Open the Default Judgment. The lower court subsequently filed an opinion in support of its actions.

---

1. The actual date of service of the Complaint is not clear. Counsel's affidavit of service was executed on September 28, 1977, so that service was apparently made prior to that date. No issue has been raised by the Appellee concerning the date or manner of service of the Complaint.

On this appeal, the Appellant contends that the lower court abused its discretion by opening the Default Judgment entered against the Appellee. The Appellant argues that the lower court erred in opening the Judgment despite its specific findings that the Appellee's Petition to Open was not promptly filed and that the Appellee did not present a reasonable excuse for his failure to appear or file a timely answer. The lower court's findings regarding these elements, and its rationale for opening the Judgment, are explained in the following excerpt from its opinion:

"The other criteria for opening judgment set down by our Appellate Courts, namely, that the petition be promptly filed and the failure to answer the complaint must be excused, present more difficulty for the defendant. Even assuming that he did not receive notice of the entry of the judgment from the Prothonotary and his first knowledge of the judgment was in November 1979 when his counsel advised him of it, he nevertheless did not move to open the judgment until February 14, 1980. But in the context of the case, where plaintiff himself pursued his cause of action in a lackadaisical, willy-nilly manner it would seem that he himself set the pace for the progress of the litigation at a very slow one and should not now be heard to complain that defendant followed his lead. This is not to say that such tactics on the part of either party should be condoned, but rather that equitable considerations dictate that this Court not reward the plaintiff and penalize the defendant when both are equally responsible for the delay of seven years in bringing this case to trial.

"Insofar as defendant's failure to answer the Complaint is concerned, we also hold that the combination of the similar lawsuit in Allegheny County and the dilatory tactics on the part of the plaintiff himself in this suit excused the defendant from filing an answer in the required time."

It is apparent from these passages that the Appellant is at least correct in asserting that the lower court opened the Default Judgment despite finding that the Appellee did not

promptly move to open the Judgment. From the passage of the lower court's opinion quoted above, we cannot be certain that the lower court found, but excused the fact that the Appellee did not offer a reasonable excuse for his failure to appear or file a timely answer in the case. However, in view of its finding that the Petition to Open was not timely filed, we must conclude that the lower court erred in opening the Judgment.

■■■ It is well-established that the opening of a default judgment is a matter within the discretion of the trial court. See *Forest Hills Transfer & Storage Company, Inc. v. Beaver Valley Builders Supply, Inc.,* 271 Pa.Super. 566, 414 A.2d 628 (1979). The trial court's decision in such circumstances will not be disturbed in the absence of an error of law or a clear abuse of discretion. *Brooks v. Surman Dental Lab, Inc.,* 262 Pa.Super. 369, 396 A.2d 799 (1979); *Hersch v. Clapper,* 232 Pa.Super. 550, 335 A.2d 738 (1975). However, the lower court's discretion to open judgment can only be properly exercised when three factors coalesce: (1) the petition has been promptly filed; and (2) a meritorious defense can be shown; and (3) the failure to appear can be excused. See *Hutchinson v. Hutchinson,* 492 Pa. 118, 422 A.2d 501 (1980). The question of whether a meritorious defense has been shown need not be resolved in a trespass case, such as the instant one, except where the equities are not otherwise clear. See *Forest Hills Transfer & Storage Company, Inc. v. Beaver Valley Builders Supply, Inc.,* supra; *Brooks v. Surman Dental Lab, Inc.,* supra. [2]

■■ In the instant case, the lower court's finding that Appellee failed to move promptly to open the Default Judgment, after receiving notice of it, was alone sufficient to mandate the denial of the Petition to Open. The delay in filing the Petition to Open was approximately three months. The lower court's finding that such a hiatus indicated a lack

2. The lower court determined that the Appellee had shown a possible meritorious defense, but the Appellant has raised no issue on this appeal regarding that conclusion, so that we shall not address it in this Opinion.

of promptness by the Appellee does not appear to be an abuse of discretion. We have stated that there is no "magic" number of days which will determine whether a petition to open is timely filed. *Raymond J. Brusco Funeral Home v. Sicilia*, 277 Pa.Super. 115, 419 A.2d 688 (1980). Delays of approximately three months or less after notices of the default judgments have been held untimely in various factual circumstances. Cf. *In re McCauley's Estate*, 478 Pa. 83, 385 A.2d 1324 (1978); *Pappas v. Stefan*, 451 Pa. 354, 304 A.2d 143 (1973); *Texas and Block House Fish and Game Club v. Bonnell Run Hunting & Fishing Corp.*, 388 Pa. 198, 130 A.2d 508 (1957); *Hatgimisios v. Dave's N. E. Mint, Inc.*, 251 Pa.Super. 275, 380 A.2d 485 (1977); *Quatrochi v. Gaiters*, 251 Pa.Super. 115, 380 A.2d 404 (1977); *Schutte v. Valley Bargain Center, Inc.*, 248 Pa.Super. 532, 375 A.2d 368 (1977); *Carducci v. Albright Galleries, Inc.*, 244 Pa.Super. 48, 366 A.2d 577 (1976); *Hofer v. Loyal Order of Moose of World*, 243 Pa.Super. 342, 365 A.2d 1254 (1976); *Dwyer v. Hunsberger*, 229 Pa.Super. 198, 323 A.2d 822 (1974). The Appellee's only explanation for the delay evident in the instant case was that after he heard from his attorney "early in November" that the default judgment had been entered, he had "business to conduct" and "for some reason or another, my attorney and I couldn't get together until sometime in late January or early February". This testimony cannot be held to furnish sufficient cause to equitably justify the three month delay in the filing of the Petition to Open. In these circumstances, the lower court had no justifiable basis for ignoring the requirement of promptness in filing, despite its finding that such promptness was absent, and the Petition to Open should not have been granted. Thus, on that basis alone, the lower court's order must be reversed.

Having reached this conclusion, we need not decide the second issue raised by the Appellant, that the lower court erred in opening the Judgment despite finding that the Appellee did not offer a reasonable excuse for his failure to appear or file a timely answer in the case. The order of the

lower court is reversed and the Default Judgment reinstated. We do not retain jurisdiction.

SPAETH, J., filed a dissenting opinion.

SPAETH, Judge, dissenting:

The result of the majority's opinion is to require appellee to pay damages, which will probably be substantial, on a claim that because of appellant's conduct is both stale and probably without merit.

I recognize the majority's point that appellee was slow in filing his petition to open the judgment. However, as the majority acknowledges, at 1214–1215, the cases do not specify any fixed period within which a petition to open must be filed, if it is to be held timely. Here the lower court—three judges sitting *en banc*—decided that the petition was timely enough. I am unable to join the majority's opinion, at 1214, 1215, that this decision represented a "clear abuse of discretion."

An "abuse of discretion"

is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapprehended, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence on the record, discretion is abused.

*Mielcuszny v. Rosol*, 317 Pa. 91, 93–94, 176 A. 236, 237 (1934).

As shown by its opinion, the lower court took into account the following: Appellant went into a "long sleep upon his rights." Slip. op. of lower court at 6. No complaint was filed until almost four years after the cause of action arose, and no action was taken on the default judgment entered in September 1977 until November 1979. Appellee believed he had no liability to appellant. He knew he had paid "only a 'nuisance value' amount" toward the settlement of the action brought against appellant by appellant's passenger, and that most of the settlement had been paid by appellant's carrier. *Id.* at 6. Appellee's belief that he was not liable to

appellant was, moreover, supported by the facts of the accident, as appellee would undertake to prove them at trial, *i. e.*, that appellant was a trespasser, and in the darkness of early morning ran into a chain with reflectors on it. *Id.* at 4.

The essence of equity is that both sides should be treated fairly. In my opinion, the lower court's decision that appellee should be permitted to defend represented as fair a balance as it could strike. In any event, it did not represent an abuse of discretion.

I should affirm the order granting the petition to open the default judgment.