442 A.2d 689

COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, Appellee,

v.

Robert NEMETH, t/d/b/a Robert's Janitorial Service, Appellant.

Supreme Court of Pennsylvania.

Argued Jan. 21, 1982.

Decided March 19, 1982.

Thomas J. Sharkey, Morton J. Gordon, Hazelton, for appellant.

Kenneth Lee Sable, Paul A. Logan, Asst. Attys. Gen., Michael D. Reed, Waynesburg, for appellee.

Before O'BRIEN, C. J., and ROBERTS, NIX, LARSEN, FLAHERTY, McDERMOTT and HUTCHINSON, JJ.

## OPINION

McDERMOTT, Justice.

■ This is an appeal from the order of the Commonwealth Court denying appellant's petition to open a default judgment entered against him by the Pennsylvania Department of Transportation ("PennDOT"). The sole issue presented is whether appellant established in the Commonwealth Court a sufficient basis to require the opening of the default judgment. We conclude that such a basis was

established and, accordingly, reverse the order of the Commonwealth Court.[1]

Appellant Robert Nemeth, owner of a commercial janitorial service company in Luzerne County, placed a bid with PennDOT in late 1977 to perform janitorial and maintenance work at two highway rest areas. Appellant was the low bidder on this project, and on January 15, 1978 appellant and PennDOT entered into a written contract in which appellant agreed to maintain the rest areas for a one year period in exchange for a lump sum payment from PennDOT not to exceed $73,000.00. The contract included the following provision:

13. LIABILITY

\* \* \* \* \* \*

E. Surety Bonds. The successful bidder will be required upon award of contract, to furnish PennDOT with an appropriate specific project or blanket Performance Bond and Payment Bond, with surety satisfactory to the Commonwealth. . . . Within ten days from the bid opening, the successful bidder is required to submit a letter of guarantee that he will be bonded for the total amount.

Appellant provided PennDOT with a letter dated December 13, 1977, from Hazelton Insurance Center, Inc. ("Hazelton"), notifying PennDOT that the required bond had been authorized and was being prepared. After PennDOT and appellant had concluded their maintenance agreement, Hazelton informed appellant that no bond would be issued. PennDOT then cancelled its contract with appellant, awarded a contract to the next lowest bidder, and on October 10, 1978, brought an action against appellant for the difference between appellant's bid and the next lowest bid.

Upon receiving PennDOT's complaint, appellant sought the legal counsel of Thomas J. Sharkey, Esquire. Mr. Sharkey notified PennDOT that he was representing appellant and requested an extension of the time within which he

1. Jurisdiction is vested in this Court pursuant to the Judicial Code, Act of July 9, 1976, P.L. 586, No. 142, § 2, *as amended*, 42 Pa.C.S.A. § 723.

could file an answer on appellant's behalf. On October 31, 1978 PennDOT agreed to grant a twenty-day extension of the time for filing an answer.

Nothing further occurred in this case until June 26, 1979 when PennDOT obtained a default judgment against appellant.[2] On July 6, 1979 appellant filed a petition to open the judgment, alleging that: (1) appellant had failed to file an answer to the complaint because of confusion surrounding the dissolution of Mr. Sharkey's law firm; and (2) appellant had a meritorious defense to the judgment because the required bond had been promised by Hazelton.

Following argument and some testimony concerning the petition in Commonwealth Court, on August 10, 1979 the Honorable John A. MacPhail entered an order denying the petition. In a subsequent memorandum opinion Judge Mac-Phail held that appellant's explanation for the default was insufficient and that no meritorious defense had been established.

■ It is well-settled in this Commonwealth that, in order to open a default judgment, the moving party must show that (1) the petition to open was filed promptly, (2) the failure to act on the original complaint can be reasonably explained, and (3) a meritorious defense to the underlying claim exists. *Kennedy v. Frank F. Black, Jr. Inc.*, 492 Pa. 397, 424 A.2d 1250 (1981); *Ruczynski v. Jesray Construction Corp.*, 457 Pa. 510, 326 A.2d 326 (1974). We conclude that appellant has satisfied each of these criteria.

There can be no doubt that appellant's petition to open was promptly filed after entry of the judgment by default. The judgment was entered against appellant on June 26, 1979; he filed a petition to open on July 6, 1979.

Less easily resolved is the issue of whether appellant's seven month delay in acting on the original complaint can be reasonably excused. The record indicates that appellant

2. The record discloses no contact whatsoever between the opposing parties following the letter granting a 20-day extension until the default judgment was entered.

turned the case over to his attorney, Mr. Sharkey, immediately after receiving the complaint. Mr. Sharkey then obtained an extension of time for filing an answer. At the hearing held on the petition to open, Mr. Sharkey stated that when the complaint was filed, the eight-attorney firm of which he was a member was in the process of splitting into several smaller firms and that rigorous negotiations on the parent firm's dissolution were continuing. Mr. Sharkey said that he transferred the case to a member of his present firm and was subsequently unaware that no answer had been filed.[3] He apparently made no effort to follow the progress of the case after assigning it to the second attorney.

By the stipulation of facts submitted to the trial court and by his statements at the hearing, Mr. Sharkey admitted a less than careful and prudent concern for his client's affairs. Any person entrusting a matter to an attorney in this Commonwealth should be able to believe that the matter will be competently and diligently handled. As we stated when faced with a similar situation in *Stephens v. Bartholomew,* 422 Pa. 311, 312–313, 220 A.2d 617, 618 (1966), however, it would be "a shame to impose a large liability upon [appellant] because of the inexcusable neglect of his attorney, especially when [appellee] will not be prejudiced if he has a meritorious claim."

"Errors of counsel..., which indicate an oversight rather than a deliberate decision not to defend, have been held to constitute sufficient legal justification to open a default judgment." *Johnson v. Yellow Cab Co.,* 226 Pa.Super. 270, 272, 307 A.2d 423, 424 (1973) (new counsel incorrectly assumed that responsive pleading had been filed); *Stephens v. Bartholomew,* 422 Pa. 311, 220 A.2d 617 (counsel failed to read complaint in time to file answer due to other business commitments); *Balk v. Ford Motor Co.,* 446 Pa. 137, 285 A.2d 128 (1971) (insurance carrier lost moving party's court papers); *Fox v. Mellon,* 438 Pa. 364, 264 A.2d 623 (1970)

---

**3.** The parties stipulated to the foregoing facts as if "they had been proven at hearing" in this matter.

(insurance claims manager erroneously assumed that there was time remaining in which to respond to complaint).[4]

We conclude that appellant's attorney's neglect of his client's affairs provides sufficient justification for appellant's failure to respond to the original complaint. Our conclusion is bolstered in the instant case by the fact the record reveals no negotiations nor any attempt by PennDOT to draw the attention of appellant's counsel to the case or to warn of a possible default judgment.[5] Moreover, there is no evidence whatsoever of any deliberate dilatory tactics on the part of appellant or his counsel. *See Balk v. Ford Motor Co.*, 446 Pa. at 141, 285 A.2d at 131 (1971).

As his defense, appellant asserts that, if PennDOT has a valid claim, Hazelton Insurance Center is liable. Appellant reasons that, because bonding was a condition precedent to the contract, no contract would have been made between PennDOT and appellant if Hazelton had not promised to furnish the bond.[6] Both parties relied on Hazelton's promise that the bond was forthcoming.[7] We hold that appellant has

---

4. *See also, Toplovich v. Spitman*, 239 Pa.Super. 327, 330, 361 A.2d 425, 426 (1976) ("Appellant's position should not be prejudiced by attorney carelessness to observe professional standards."); *Campbell v. Heilman Homes, Inc.*, 233 Pa.Super. 366, 335 A.2d 371 (1975) (defending party's employee failed to forward complaint to main office); *Samuel Jacobs Distributors, Inc. v. Conditioned Air, Inc.*, 223 Pa.Super. 466, 301 A.2d 907 (1973) (attorney mistakenly concluded that client had not been properly served).

5. The default judgment in this case was entered before the effective date of Pa.R.C.P. 237.1, which requires notice to the defendant and his counsel before entry of a default judgment. This new rule should obviate many of the current problems in this Commonwealth concerning default judgments. If Rule 237.1 had been in effect prior to taking of the instant default judgment, this matter very probably would not be before us.

6. The record does not clarify the circumstances of PennDOT's cancellation of the contract, *e.g.*, whether appellant was permitted an opportunity to obtain the required bonds from a surety other than Hazelton.

7. Appellant apparently complied with the requirement of paragraph 13 of the contract that he supply a letter guaranteeing that he would be bonded for the total amount.

made out a defense on the merits sufficient to require that the default judgment be opened.

Accordingly, the order of the Commonwealth Court is reversed and the case is remanded for proceedings consistent with this opinion.

HUTCHINSON, J., filed a dissenting opinion.

HUTCHINSON, Justice, dissenting.

This case arose prior to the effective date of Pa.R.C.P. 237.1 and involves a default judgment taken without notice to opposing counsel. The practice prior to the adoption of the notice requirement left the question of whether or not to open almost entirely within the sound discretion of the court, which in this case was the Commonwealth Court. Under that law, I think the Commonwealth Court acted within its discretionary power in refusing to open. I would, therefore, affirm its order of August 10, 1979.