Wallingford-Swarthmore School District, Appellant *v.* John Echternach, Appellee.

Argued June 10, 1982, before Judges BLATT, WILLIAMS, JR. and CRAIG, sitting as a panel of three.

*Alfred J. Mattei*, for appellant.

*Thomas P. Hamilton, Jr.*, with him *Randee B. Pavalow, Richard, Brian, DiSanti & Hamilton, PA.*, for appellee.

OPINION BY JUDGE BLATT, August 5, 1982:

The appellant School District[1] challenges an order of the Court of Common Pleas of Delaware County which refused to open a default judgment which had been previously entered against the School District.

The appellee, John Echternach, filed a complaint in January of 1976 seeking reimbursement from the School District for alleged underpayment of his salary as a teacher in previous years. Preliminary objections were filed and dismissed in February of 1977 and the School District was then given 20 days to file its answer to the complaint. On the twentieth day,

---

[1] Wallingford-Swarthmore School District.

counsel for the School District suffered a personal tragedy when his daughter was killed in a boating accident and, inasmuch as he then decided not to return to practice immediately, he wrote to the appellee's counsel on March 10, 1977 asking him for a three-week extension of time in which to file the answer. This request was granted, but no answer was ever filed. The School District's counsel subsequently returned to his practice fulltime in May of 1977 and, sometime thereafter, a new solicitor was appointed for the School District although the prior counsel continued to be listed as the attorney of record in this case. No further action was taken in the matter until January of 1980, when the appellee's counsel obtained a default judgment against the School District. On March 7, 1980, the School District filed a petition to open the default judgment, but the court below concluded that the School District had not adequately explained why it had not filed its answer for more than two and one-half years, and it refused to open the judgment. This appeal was then filed.

A petition to open a default judgment may be granted if the moving party meets three tests: (1) the petition to open must be promptly filed; (2) it must set forth a meritorious defense; and (3) it must reasonably explain the delay in filing the answer.[2] *McCoy v. Public Acceptance Corp.*, 451 Pa. 495, 305 A.2d 698 (1973). And, the decision as to whether or not a judgment should be opened is a matter for the discretion of the court below and will be overturned only in the event that an error of law or a clear and manifest abuse of such discretion is shown. *McCoy; McKelvey v. Colonial School District*, 35 Pa. Commonwealth Ct. 264, 385 A.2d 1040 (1978).

---

[2] The court below found that the School District had satisfied the first and second elements of the test, but not the third.

The appellant School District argues here that its delay was adequately explained by the death occurring in its attorney's family, especially in light of the subsequent change in counsel and the appellee's failure to notify the School District before entering the default judgment.

We would agree that the personal tragedy suffered by the appellant's attorney was more than sufficient justification for a reasonable period of delay, but we do not believe that it provides an adequate explanation for the two and one-half year hiatus here involved. The appellee granted the School District a three-week extension in filing its answer, and there is no dispute that the School District's counsel had returned to practice in May of 1977. The only excuse advanced for the delay after that time was that it resulted from the appointment of a new solicitor and from the appellee's failure to provide notice prior to entering the judgment. We do not believe that the court below abused its discretion by finding such reasons to be inadequate explanations for the delay. A change in counsel may sometimes justify opening a judgment, but the mere fact of the appointment of a new solicitor is not by itself so compelling an explanation as to prompt us to reverse the court below. *Epstein v. Continental Bank & Trust Co.*, 260 Pa. Superior Ct. 522, 394 A.2d 1049 (1978).[3]

---

[3] We are aware of our Supreme Court's decision in *Department of Transportation v. Nemeth*, 497 Pa. 580, 442 A.2d 689 (1982), which held that a default judgment should be opened where the attorney in charge of the case, during the course of negotiations for the dissolution of a law firm of which he was a member, transferred the case to a member of his new firm and was subsequently unaware that an answer was never filed. The Court held that the default judgment which was entered seven months later should have been opened because the attorney's neglect provided sufficient justification for the client's failure to respond to the complaint. The instant case is distinguishable, however, in that the

As to the fact that the appellee did not notify the School District of his intention to obtain a default judgment, a reversal would not be required. The better and more standard practice may have been to give such notice, *see, McKelvey*, but the Rules of Civil Procedure which were in force at the time here concerned did not require such prior notification. Pa. R.C.P. No. 1037; *Brooks v. Surman Dental Lab, Inc.*, 262 Pa. Superior Ct. 369, 396 A.2d 799 (1979). Moreover, under the new rule requiring such notice, Pa. R.C.P. No. 237.1, there is an exception permitting a default judgment to be entered without notice in the event that a party fails to meet a time limit which had already been extended by written agreement, and the present situation may very well fall within that exception. The appellee here agreed to the written request of the School District's original counsel for a three-week extension of the period for filing its answer and the School District failed to respond within that time.

We will, therefore, affirm the order of the court below.

ORDER

AND Now, this 5th day of August, 1982, the order of the Court of Common Pleas of Delaware County in the above-captioned matter is affirmed.

---

School District, upon the appointment of a new solicitor, should have taken some responsibility for ensuring that all pending matters were transferred to its new attorney and there is no evidence in the record indicating that it did so. In light of this fact and of the extended period of delay involved here, we cannot say that the court below committed a manifest abuse of discretion in refusing to open the judgment.