455 A.2d 180

**HARDWARE WHOLESALERS, INC.**

**v.**

**Neil C. SWOPE and G. Grace Swope, his wife, t/d/b/a Evans City Hardware, Appellants.**

Superior Court of Pennsylvania.

Argued March 15, 1982.

Filed Jan. 21, 1983.

Petition for Allowance of Appeal
Granted April 15, 1983.

322

John J. Dean, Pittsburgh, for appellants.

Thomas W. King, Butler, for appellee.

Before SPAETH, JOHNSON and HOFFMAN, JJ.

PER CURIAM:

Appellants contend the lower court erred in refusing to open a default judgment. We disagree and, accordingly, affirm.

On January 30, 1981, appellee filed a complaint seeking to foreclose on appellants' note. Appellants did not answer within the requisite twenty days, and appellee filed a ten-day notice of its intent to seek default judgment. Pa.R. Civ.P. 237.1. Appellants then requested and received two extensions. Appellants' counsel referred to the second extension in a letter to appellee reading: "Unfortunately I have run into a problem in getting an answer up to you. I would expect to have it up to you by next Thursday. If there are any problems with this, let me know." Letter from John J. Dean to Thomas W. King III (March 12, 1981). *See* N.T. at 13. Appellants did not file the answer by Thursday, and a default judgment was entered the following Tuesday, March 24. Appellants petitioned to open judgment on April 28, 1981. After a hearing, the petition was denied, and this appeal followed.

Appellants argue that their extension letter was so general as to require further notice under Pa.R.Civ.P. 237.1 before a default judgment. We disagree. Informal written extensions are permitted under Rule 237.1, but they "should be sufficiently specific to avoid argument over [their] terms." Explanatory note to Pa.R.Civ.P. 237.1. Written agreements "couched in general language, without specifying a fixed date for compliance" entitle a party to an additional ten-day notice before judgment can be taken. *Id.* Consistent with the principle that written agreements are construed against the party preparing them, *Central Transportation, Inc. v. Board of Assessment Appeals of*

*Cambria County,* 490 Pa. 486, 417 A.2d 144 (1980), counsel who requests an extension and specifies its length cannot excuse a default by claiming misapprehension. *Horan v. R.S. Cook & Associates,* 287 Pa.Superior Ct. 265, 430 A.2d 278 (1981). The letter sent by appellants' counsel indicated a specific day for submission of an answer, and thus, having failed to meet these criteria, did not entitle appellants to a second notice.

Appellants argue also that their default was excusable, they have a meritorious defense, and their petition to open was timely filed. We disagree.

■ The well-established rule for opening a default judgment in an assumpsit case requires the existence of three factors: (1) a promptly filed petition; (2) a seemingly meritorious defense; and (3) an excusable reason for the default. *Balk v. Ford Motor Co.,* 446 Pa. 137, 285 A.2d 128 (1971).* The existence of these factors depends on equitable considerations, including a weighing of the prejudices to each party arising from opening, or refusing to open, judgment. *Toplovich v. Spitman,* 239 Pa.Superior Ct. 327, 361 A.2d 425 (1976). *Accord, Provident Credit Corp. v. Young,* 300 Pa.Superior Ct. 117, 446 A.2d 257 (1982).

■ Appellants give no reason for waiting over thirty days before filing a petition to open judgment. Their only explanation for the default was counsel's preoccupation with other business and misapprehension of the deadline, an unacceptable excuse. *See Horan v. R.S. Cook & Associates, supra.* Because appellants' defense can be raised in a separate proceeding, (1031 Pa.R.Civ.P.; *Sobol v. Will Allen Builders, Inc.,* 244 Pa.Superior Ct. 486, 368 A.2d 825 (1976)), the equities do not weigh in favor of opening judgment. Thus, because the petition was not timely filed,

* The lower court based its decision not to open judgment on appellee's compliance with Rule 237.1. Although this rule was intended to eliminate default judgments taken without prior notice to the opposing party, it does not change or eliminate the test for opening default judgments. Since the elements of the test were argued below, we will decide this case on the merits.

the default was not excusable, and the appellants' defense does not warrant opening judgment, we affirm the lower court's denial of appellants' petition.

Affirmed.

JOHNSON, J., concurs in the result.

SPAETH, J., files a dissenting opinion.

SPAETH, Judge, dissenting:

The difficulty I have with the majority opinion is, that in the name of a rule passed to require courtesy between counsel, it rewards discourtesy.

The facts, stated somewhat more fully than they are by the majority, are these. Appellee filed its complaint on January 30, 1981, seeking to foreclose on a note pursuant to which appellants had already paid $11,932.64. The complaint was filed because appellant had not paid the installment due on January 14, 1981; the balance at that time was $4,524.10, plus interest. When appellants did not answer the complaint within twenty days, appellee's counsel, two days after the twentieth day, N.T. 3., sent appellants the ten-day notice required by Pa.R.C.P. 237.1. Before the end of the ten days, appellants' counsel spoke to the secretary of appellee's counsel, since appellee's counsel himself was not available, and asked for an extension of ten days because he was on trial. "She left the phone and came back and said she had talked to [appellee's counsel] and [he] said this was no problem." N.T. 6/16/81, 11–12. When it became apparent to appellants' counsel during this ten day extension period that he would need another extension, he again telephoned appellee's counsel but again was able to speak only to his secretary. She said, "No problem. How long do you need?", and appellants' counsel replied, "Probably I can get it in by Thursday." Id. 13. Appellants' counsel then sent a confirming letter, which was dated March 12, 1981, and read:

Unfortunately I have run into a problem getting an answer up to you. I would expect to have it to you by next Thursday.

If there are any problems with this, let me know. When Thursday passed and the answer was not received, appellee's counsel, without a telephone call to appellants' counsel, took a default judgment on the next Tuesday, March 24. Appellants petitioned to open the judgment on April 28.

The majority starts its analysis by saying that appellants' counsel's letter must be construed against counsel as the person who wrote it. So construed, the majority says, the letter fixed a specific date by which the answer would be filed. Since no answer was filed by that date, the majority says, appellants' counsel was not entitled to any further notice. At 181. This analysis, I suggest, is unfortunate, for it is contrary to the spirit and purpose of 237.1.

Rule 237.1(a), provides:

(a) No judgment by default shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered to the party against whom judgment is to be entered and to his attorney of record, if any, after the default occurred and at least ten days prior to the date of the filing of the praecipe. If a written agreement for an extension of time specifies a time within which the required action must be taken and a default occurs thereafter, judgment by default may be entered by the prothonotary without prior notice under this rule. A copy of the notice or agreement shall be attached to the praecipe.

Rule 237.1 was adopted on the recommendation of this court. In *Silverman v. Polis*, 230 Pa.Superior Ct. 366, 371, 326 A.2d 452, 454–55 (1974), we said:

[A]ttempts to utilize every niggling procedural point for maximum advantage demean the legal profession, reducing its procedures to a vulgar scramble. No doubt it is for this reason that in so many cases, notice of intent to

take a default judgment, or the lack thereof, is properly made a significant factor in reaching a just decision. In their Explanatory Note to the Rule, the draftsmen say:

> The increasing number of petitions being filed in the common pleas courts throughout the Commonwealth to open default judgments and the ensuing appeals have become a matter of concern to the courts.
>
> One part of the problem arises from the entry of "snap judgments" without notice, a practice sharply disapproved by the Superior Court, and the lack of notice is frequently singled out as an important factor justifying the opening of a default judgment.
>
> The Superior Court in *Silverman v. Polis*, 230 Pa.Super. 366, 326 A.2d 452 (1974), and *Brooks v. Surman Dental Lab, Inc.*, [262] Pa.Super. [369], 396 A.2d 799 (1977), recommended a requirement of prior notice of intent to enter a default judgment, and this has been required by local rule in a number of counties. New Rule 237.1 will make the prior notice a statewide requirement.

In explaining how they expected the Rule to work, the draftsmen say:

> In most counties, what has been referred to in the decisions as "common courtesy" will result in informal agreements of attorneys for an extension of time. Often situations will arise where a dilatory attorney secures extension after extension and still fails to take action. The Rule recommends that such an extension should be in writing as provided in Rule 201, and should specify a time within which the required action must be taken. If this is done, no further notice under the new Rule need be given, and judgment may be entered at the end of the extension period.
>
> If the opponent refuses a written extension, an application must be made to the court . . . .
>
> If a written extension between the parties is couched in general language, without specifying a fixed date for compliance, then a ten-day notice under the Rule will be required before judgment can be entered.
>
> Explanatory Note.

In construing appellants' counsel's letter according to principles of contract law, the majority ignores this explanation, and goes against the spirit and purpose of the Rule. The principle that a writing will be construed against its author is appropriate when the parties are engaged in a bargaining struggle, each trying to get the better of the other. But that principle is most inappropriate in applying a rule intended to instill and enforce the habits of common courtesy between counsel. Counsel discussing a mutually agreeable extension are not adversaries, engaged in a bargaining struggle. Indeed, the adversary system won't, and can't, work—it will become just what we have here, the "vulgar scramble" we deplored in *Silverman v. Polis, supra*—unless opposing counsel have the maturity and self-control to know when they should be adversaries and when they shouldn't be. Thus in the Ethical Considerations to Canon 7 of the Code of Professional Responsibility—the canon that provides that "a lawyer should represent a client zealously within the bounds of the law"—it is said:

EC 77–37 In adversary proceedings, clients are litigants and though ill feeling may exist between clients, such ill feeling should not influence a lawyer in his conduct, attitude, and demeanor towards opposing lawyers....

EC 7–38 A lawyer should be courteous to opposing counsel and accede to reasonable requests regarding court proceedings, settings, continuances, waiver of procedural formalities, and similar matters which do not prejudice the rights of his client ....

(Footnotes omitted.)

If one construes appellants' counsel's letter as it should be construed under Rule 237.1—as an exchange between counsel acting with common courtesy—one must conclude, I submit, that the letter is not "specific," as the majority says it is, but open-ended, or tentative. Counsel "expect[s]" to file the answer by Thursday. Opposing counsel knows he has been on trial and has already had to ask for one, brief, extension. Surely a fair reading of "expect[s]" is not that

"I definitely will," but that "I *think* I will but I may be a bit delayed." That's why counsel concluded his letter by saying, "If there are any problems with this, let me know." "[T]his" refers to the possibility of some delay beyond Thursday. It couldn't refer—as the majority would have it do—to the grant of an extension until Thursday, for there couldn't *be* "any problems" about *that; that* had been agreed to: appellee's counsel's secretary, when asked for the extension, had said, "No problem. How long do you need?" Thus, in applying one principle of construction—construe a writing against its author—the majority ignores another—don't construe a writing so that part of it becomes superfluous or meaningless.

In his brief, appellants' counsel says, "In many respects this judgment has all the indices of a 'snap judgment' which has been abhorred by this court." Appellants' Brief at 10. I quite agree. The ten-day notice was first sent only two days after the twentieth day, and the default judgment was taken only four days (two of them being the weekend) after the Thursday by which appellants' counsel had expected to file the answer. Nothing suggests that appellants' counsel was acting in bad faith in missing his Thursday date. (He testified that the difficulty he had was getting his clients down to his office in Pittsburgh to sign the verification and go over the answer to the complaint. N.T. 5.) A telephone call by appellee's counsel, as suggested by appellants' counsel's letter, would, it seems plain, have avoided the litigation we must now resolve. I regret the majority's decision to reward counsel who did not make the call. In my opinion, the better result would be to construe appellants' counsel's letter as "couched in general language," Rule 237.1, Explanatory Note, so that counsel seeking a default judgment was required to send a second notice, *id.* Thereby we should encourage courtesy between counsel, as the Rule intended.

A few concluding comments: The majority's reliance on *Horan v. R.S. Cook & Associates,* 287 Pa.Superior Ct. 265, 430 A.2d 278 (1981), is misplaced. There the judgment was

entered, not four days after the extension expired, as here, but twenty seven days. We specifically noted that because counsel waited so long, the judgment could not be characterized as "snap." *Id.*, 287 Pa.Superior at 269, 430 A.2d at 280. If anything, *Horan* illustrates how much like a snap judgment the judgment here is. Also, I don't understand the majority's reasoning, that "[b]ecause appellants' defense can be raised in a separate proceeding ..., the equities do not weigh in favor of opening the judgment." At 182. For my part, I don't reach the issue of the merits of appellants' defense, for as I have said, I believe that under Rule 237.1(a), correctly applied, appellee's counsel could not take a default judgment without further notice. However, if, as the majority evidently has concluded, appellants' defense is meritorious, it is no answer to say that it "can be raised in a separate proceeding," that is, that appellants should now bring a separate action that could have been maintained as a defense to appellee's complaint. That only puts both parties to additional expense and delay.

I should reverse the order of the lower court and grant the petition to open the default judgment.