467 A.2d 1170

**Irene McPHERSON, Administratrix of the Estate of Thomas E. McPherson, Deceased, on behalf of the next of kin of Thomas E. McPherson, Deceased, and Irene McPherson, Administratrix of the Estate of Thomas E. McPherson, Deceased,**

v.

**TUBE CITY TAXICAB COMPANY, a Corporation, Appellant.**

Superior Court of Pennsylvania.

Argued May 26, 1983.

Filed Nov. 18, 1983.

Cathie J. Fagan, Pittsburgh, for appellant.

Anton W. Bigman, Pittsburgh, for appellees.

Before CAVANAUGH, ROWLEY and CIRILLO, JJ.

CIRILLO, Judge:

The appellant contends that the lower court erred in refusing to open a default judgment. We disagree and thus affirm the trial court.

This action was commenced on November 18, 1977 against the appellant in assumpsit and trespass for the wrongful death of Thomas E. McPherson. A complaint was filed on January 17, 1978. On February 21, 1978 counsel for appellant, James David Elder, requested and was granted by the appellees, additional time to file a responsive pleading.[1] Counsel for the appellees, Anton Bigman, alleges that he subsequently made a number of telephone calls to attorney Elder for the purpose of having him file an answer so that the case could proceed. In any event, the case was placed at Issue and received Issue Docket No. 104558. On May 8, 1980 this case appeared in the *Legal Journal* on the trial list for October 2, 1980. The required ten-day notice pursuant to Pa.R.C.P. 237.1[2] was then for-

---

1. Counsel asked for this additional time to file an Answer so that he could investigate whether the appellant, Tube City Taxicab Company, or G.I. Cab Company was the employer of the decedent.

2. **Rule 237.1. Notice of Praecipe for Entry of Default Judgment**
   (a) No judgment by default shall be entered by the prothonotary unless the praecipe for entry includes a certification that a written notice of intention to file the praecipe was mailed or delivered to the party against whom judgment is to be entered and to his attorney of record, if any, after the default occurred and at least ten days prior to the date of the filing of the praecipe. If a written agreement for an extension of time specifies a time within which the required action must be taken and a default occurs thereafter,

warded to the appellant and attorney Elder on May 8th since no answer or other responsive pleading had been filed. On May 29, 1980, a default judgment was entered. Thereafter, the appellant filed a petition for a rule to show cause why the default judgment should not be opened. The Rule was issued on July 14, 1980. By Order of the Honorable Frederick Weir, dated September 17, 1981, this Rule was discharged and the default judgment was upheld. This appeal followed.

It is axiomatic that in order to open a default judgment, the moving party must be able to demonstrate: (1) the petition to open was promptly filed; (2) the existence of a meritorious defense to the underlying claim; and (3) an excusable reason for the failure to act on the original complaint. *Commonwealth, Department of Transportation v. Nemeth*, 497 Pa. 580, 442 A.2d 689 (1982); *Academy House Council v. Phillips*, 312 Pa.Super. 364, 458 A.2d 1002 (1983); *Jenkins v. Blanchfield*, 297 Pa.Super. 95, 443 A.2d 316 (1982). The existence of these factors depends on equitable considerations, including a weighing of the prejudices to each party arising from opening, or refusing to open, judgment. *Hardware Wholesalers, Inc. v. Swope*, 309 Pa.Super. 321, 455 A.2d 180 (1983); *Toplovich v. Spitman*, 239 Pa.Super. 327, 361 A.2d 425 (1976). *See also: Roberts v. Roberts*, 298 Pa.Super. 307, 444 A.2d 1188 (1982).

The appellant avers that the failure to file a responsive pleading was reasonably explained. There is no question that appellees initially provided appellant and attorney Elder with written notice as prescribed by Rule 237.1. However, appellant contends that the representations and conduct of appellees' counsel after receipt of notice by the appellant abbrogated the effect of the notice.

On May 14, 1980, after Notice of Intent to Take Default Judgment was received, attorney Elder contacted attorney

judgment by default may be entered by the prothonotary without prior notice under this rule. A copy of the notice or agreement shall be attached to the praecipe.
Pa.R.C.P. 237.1(a).

Bigman. According to the deposition testimony of both attorneys, their conversation concerned the question of ownership of the cab driven by the decedent and how this issue would affect the answer to be filed by the appellant. The discussion apparently ended without resolution of this question. Attorney Bigman testified that he felt an answer would be filed shortly. Attorney Elder, on the other hand, testified that he assumed nothing would be done due to the fact that he was going to file an answer. There is no indication in the record though, that attorney Elder specifically requested an extension of time within which to file an answer, nor that the appellees ever granted such an extension following the Rule 237.1 notice, nor for that matter, that such an extension was even discussed. Likewise, there is nothing in the record evincing that the parties executed a written agreement for extension of time as contemplated by Pa.R.C.P. 237.1(a).

A petition to open a default judgment is addressed to a court's equitable powers and is a matter for judicial discretion. The Superior Court will not reverse a lower court ruling, either opening or refusing to open a default judgment, unless an error of law or a clear, manifest abuse of discretion is shown. *N.H. Weidner, Inc. v. Berman,* 310 Pa.Super. 590, 456 A.2d 1377 (1983); *Lalumera v. Nazareth Hospital,* 310 Pa.Super. 401, 456 A.2d 996 (1983); *Reyer v. Guinta,* 292 Pa.Super. 182, 436 A.2d 1212 (1981). The appellant's attorney argues that he thought he had an extension of time to file a responsive pleading. However, we can glean nothing from the record that would form a reasonable basis for any misunderstanding on the part of attorney Elder regarding the time when the answer was due.

It has been often stated that "snap judgments" taken without notice are strongly disfavored by the courts. *Kraynick v. Hertz,* 443 Pa. 105, 277 A.2d 144 (1971); *N.H. Weidner, Inc. v. Berman, supra; Beausang v. Bernotas,* 296 Pa.Super. 335, 442 A.2d 796 (1982). Yet, this is not an instance of a snap judgment being taken. The default

judgment was taken some 28 months after the filing of the complaint and 20 days after giving the required ten-day notice. The appellant failed to use diligence in obtaining the information necessary to file an answer despite the generous allotment of time in which to do so. We cannot say, therefore, that the lower court committed an error of law or an abuse of discretion in failing to open the default judgment entered in this case. Accordingly, we affirm the Order of the court below denying the appellant's petition.

Order affirmed.