470 A.2d 640

**Mary ACKERMAN, Appellant,**

**v.**

**PORT AUTHORITY OF ALLEGHENY COUNTY.**

Superior Court of Pennsylvania.

Argued April 28, 1982.

Filed Jan. 6, 1984.

376

Georgene Siroky, Pittsburgh, for appellant.

Christopher M. Fleming, Pittsburgh, for appellee.

Before CERCONE, President Judge, and BECK and MONTEMURO, JJ.

CERCONE, President Judge:

Appellant, Mary Ackerman, takes this appeal from the order and judgment of the lower court denying appellant's petition to make absolute a Rule to Show Cause why appellee, Port Authority of Allegheny County, should not open a default judgment, taken on April 4, 1981. In this appeal, appellant makes two arguments: (1) Whether the court erred in its determination that the parties' agreed-upon extention to file an answer was clearly documented; and (2) Whether the court disregarded relevant, appellate case law.* The gist of both of these arguments is that the lower court erred in finding that appellant did not reasonably explain her default. We find appellant's arguments to have merit, and we reverse.

This action had its inception on February 20, 1981, when appellee-plaintiff filed a complaint in trespass and assumpsit against appellant-defendant. On March 11, 1981, the twenty-day time period in which to file an answer expired and the next day, March 12, 1981, appellee mailed appellant notice of intent to take a default judgment within ten days. On March 18, 1981, appellant sought legal advice from present counsel, attorney Georgene Siroky. It was on this date that attorney Siroky learned of appellant's receipt of the ten day Important Notice and of possible default. Ap-

---

* Both of these issues raise many of the same points and we therefore will address them jointly.

pellant did not have a copy of the complaint with her, explaining that she lost it, whereupon attorney Siroky telephoned counsel for appellee-plaintiff and requested a copy of the complaint and an extension. Appellee's counsel agreed to both requests, and appellant's counsel that same day sent a letter to appellee's counsel confirming the extension. On March 25, 1981, appellant's counsel received a copy of the complaint and a copy of the letter she had sent appellee's counsel, on which appellee's counsel wrote that the extension was to run until Monday, April 13, 1981. Upon receipt of this letter, counsel for appellant inadvertently recorded the deadline on her calendar as Monday, April 20, 1981. On April 14, 1981, appellee's counsel, having heard nothing further from appellant, entered the herewithin default judgment. Thereafter, on April 20, 1981, appellant's counsel learned of the default judgment when filing her answer to the complaint. Accordingly, on May 1, 1981, appellant filed the instant motion to open default judgment. After hearing arguments on the matter, the court denied appellant's petition, hence, this appeal.

 It is a well-settled rule that to open a default judgment in an assumpsit action a petitioner must show that the petition was promptly filed, the petitioner has a legitimate explanation for the default, and there is an assertion of a meritorious defense to the complaint. *Butterbaugh v. Westons Shopper City, Inc.*, 300 Pa.Superior Ct. 331, 446 A.2d 641 (1982). In trespass actions, a meritorious defense need not be demonstrated if the equities are otherwise clear. *Hutchings v. Trent*, 304 Pa.Superior Ct. 376, 450 A.2d 729 (1982). Since the instant action was filed in both assumpsit and trespass, all three factors will be examined.

Appellant first argues that the Court erred in concluding that the agreed upon extension was clearly documented. In this argument, appellant for the first time contends that there was a misunderstanding between the parties regarding the length of the extension. It is appellant's present assertion that counsel for appellant and counsel for appellee orally agreed by telephone to an extension of twenty busi-

ness days from the date that appellant's counsel received a new copy of the complaint. Appellant asserts that the copy of the complaint was not received until March 25, 1981, and that twenty business days from that date would mean the extension ran until April 21, 1981.

■ We find that appellant has waived this argument by failure to first raise it in the court below. Appellant's petition to open default judgment contains no allegation of a misunderstanding between the attorneys for the parties, only a claim that appellant-counsel erroneously listed the expiration date of the extension on her calendar. We therefore find this part of appellant's argument to be waived. *Wenzel v. Morris Distributing Company*, 439 Pa. 364, 266 A.2d 662 (1970).

However, appellant argues that case law holds that attorney oversight is a permissible grounds for opening a judgment. On this issue the Supreme Court has said:

> By the stipulation of facts submitted to the trial court and by his statements at the hearing, [counsel] admitted a less than careful and prudent concern for his client's affairs. Any person entrusting a matter to an attorney in this Commonwealth should be able to believe that the matter will be competently and diligently handled. As we stated when faced with a similar situation in *Stephens v. Bartholomew*, 422 Pa. 311, 312–313, 220 A.2d 617, 618 (1966), however, it would be "a shame to impose a large liability upon [appellant] because of the inexcusable neglect of his attorney, especially when [appellee] will not be prejudiced if he has a meritorious claim."
>
> *"Errors of counsel ..., which indicate an oversight rather than a deliberate decision not to defend, have been held to constitute sufficient legal justification to open a default judgment." Johnson v. Yellow Cab Co.,* 226 Pa.Super. 270, 272, 307 A.2d 423, 424 (1973) (new counsel incorrectly assumed that responsive pleading had been filed); *Stephens v. Bartholomew*, 422 Pa. 311, 220 A.2d 617 (counsel failed to read complaint in time to file answer due to other business commitments); *Balk v. Ford Motor Co.*, 446 Pa. 137, 285 A.2d 128 (1971) (insur-

ance carrier lost moving party's court papers); *Fox v. Mellon*, 438 Pa. 364, 264 A.2d 623 (1970) (insurance claims manager erroneously assumed that there was time remaining in which to respond to complaint).[4]

[4] *See also, Toplovich v. Spitman*, 239 Pa.Super. 327, 330, 361 A.2d 425, 426 (1976) ("Appellant's position should not be prejudiced by attorney carelessness to observe professional standards."); *Campbell v. Heilman Homes, Inc.*, 233 Pa.Super. 366, 335 A.2d 371 (1975) (defending party's employee failed to forward complaint to main office); *Samuel Jacobs Distributors Inc. v. Conditioned Air, Inc.*, 223 Pa.Super. 466, 301 A.2d 907 (1973) (attorney mistakenly concluded that client had not been properly served).

*Commonwealth, Dept. of Transportation v. Nemeth*, 497 Pa. 580, 442 A.2d 689, 691 (1982) (emphasis added).

■ Cases which have rejected the excuse of attorney mistake are generally cases in which the attorney continued to delay filing an answer despite numerous extensions and requests by opposing counsel, *Kennedy v. Black*, 492 Pa. 397, 424 A.2d 1250 (1981), or where counsel delayed filing an answer for an unduly long time, *Wallingford-Swarthmore School District v. Echternach*, 68 Pa. Commonwealth 152, 448 A.2d 685 (1982) (delay of two and one-half years), or where counsel made a deliberate decision not to defend *Keystone Boiler v. Combustion & Energy Corp.*, 294 Pa. Superior Ct. 145, 439 A.2d 792 (1982). None of these situations are like appellant's case, where the delay caused by appellant was brief and where there was no attempt by appellant's counsel to deliberately stall the proceeds. Instead, it appears that the case at bar is one of "oversight rather than a deliberate decision not to defend." *Commonwealth, Dept. of Transportation v. Nemeth, supra*, 497 Pa. at 584, 442 A.2d at 691.

■ We further conclude that appellant has made out the remaining two factors in the requirements for opening a judgment. Upon learning of the default judgment, counsel for appellant immediately telephoned counsel for appellee and asked if he would voluntarily open judgment, to which counsel replied that he was personally agreeable but he needed his client's consent. Two days later, appellee-counsel verbally informed appellant-counsel that the former's client would not consent to voluntarily opening judgment,

whereupon appellant-counsel filed the herewithin petition on May 1, 1981, eleven days after counsel learned of the default. Based on these facts, we find that the petition to open was timely filed.

■ Similarly, we find that appellant has alleged a meritorious defense. The case in chief as asserted in the complaint centered around an automobile accident between a bus, owned by appellee, and an automobile in which appellant was a passenger. It was claimed in the complaint that despite appellant's previous assertions to the contrary, appellant was the owner of the automobile and carried insurance for that vehicle. Thus, it was claimed that appellant wrongly collected insurance benefits from appellee's insurer. Appellant, in her answer and her petition to open, denies being the owner of the vehicle in question and denies holding a policy of insurance on the vehicle. Appellant's assertions, if proved, would be a meritorious defense to the lawsuit, and we therefore find that this third part of the requirements for opening judgment has been satisfied.

■ Accordingly, we reverse the order and judgment of the court below and direct that default judgment, entered April 14, 1981, be opened.