J-A04024-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| ANGELIQUE RAY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| GARY DEJESUS-WALKER | : | |
| | : | |
| Appellee | : | No. 856 EDA 2020 |

Appeal from the Order Entered February 7, 2020
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  No. 180403974

BEFORE:   STABILE, J., KING, J., and PELLEGRINI, J.[*]

MEMORANDUM BY KING, J.:                      Filed: February 11, 2021

Appellant, Angelique Ray, appeals from the order entered in the Philadelphia County Court of Common Pleas, which denied her request to open a judgment of *non pros*.  We affirm.

The relevant facts and procedural history of this case are as follows.  On April 27, 2018, Appellant filed a complaint against Appellee alleging personal injuries she sustained in an automobile accident.  On May 8, 2019, after an arbitration hearing, the arbitration panel awarded Appellant $25,000.00, which was then reduced to $12,500.00 due to Appellant's comparative negligence.  Appellee appealed the award to the Court of Common Pleas for a trial *de novo*.  The court called the case to trial on December 12, 2019.  At

_____

[*] Retired Senior Judge assigned to the Superior Court.

Appellant's request, however, the court granted a one-day continuance. On December 16, 2019, jury selection began, and the court scheduled trial to begin the following day.

On December 17, 2019, the day set for trial, Appellant failed to appear.[1] (N.T. Trial, 12/17/19, at 3). Appellant's counsel attempted to telephone Appellant three separate times, but all calls went directly to Appellant's voicemail. (*Id.* at 4-5). In addition, counsel sent Appellant several text messages without any response from Appellant. (*Id.* at 4). The court informed counsel that the trial would not occur if Appellant did not appear by 10:00 a.m. (*Id.*)

After numerous failed attempts to contact Appellant, the following exchange took place:

> THE COURT:                    [Appellant] knew to be back here today.
>
> [APPELLANT'S COUNSEL]: Yes.
>
> THE COURT:                    She was told 9:30. I have 9:58 on this computer. My phone says 9:59. You have [until] 10:00. What time do you have?
>
> [APPELLANT'S COUNSEL]: 10:00.
>
> THE COURT:                    Make one more phone call. It's a big deal to do this, and I want to make sure.

---

[1] The parties agree that trial was scheduled to commence on December 17, 2019, but they disagree on what time it was scheduled to start. Appellant claims trial was scheduled for 9:30 a.m., and Appellee claims trial was set for 9:00 a.m. This dispute is immaterial here, however, because the record makes clear Appellant failed to appear by 10:00 a.m.

- 2 -

[APPELLEE'S COUNSEL]:  I would note for the record, Your Honor, we were told to be here at 9:00.

THE COURT:                         Today.  Either way, 9:00, 9:30, if you're going to be late, you call somebody.  **Honestly, if [Appellant] called, I would wait all day.  I mean it's a fair thing to do since there's no contact whatsoever**. (Pause.)

[APPELLANT'S COUNSEL]: Straight to voicemail again.

THE COURT:                         So you have a motion for a *non pros*?

[APPELLEE'S COUNSEL]:  Yes, Your Honor.

THE COURT:                         Any objection?  At this point, [Appellant's counsel], I mean there's really nothing you can do.

[APPELLANT'S COUNSEL]: I'll just object for the record. That's it.

THE COURT:                         So I'm going to grant that. Thank you.  You can be excused.

(***Id.*** at 5-6) (emphasis added).  At approximately 10:00 a.m., the court granted Appellee's request for judgment of *non pros*.[2]  (***Id.***)

_____

[2] Appellant alleges that approximately five minutes after the court granted the *non pros*, Appellant entered the courtroom as the trial judge was exiting. According to Appellant, the court asked Appellant's counsel "[i]f that was [his] client" and counsel responded: "Yes Your Honor."  (Appellant's Brief at 6). Appellant contends that the trial judge left the courtroom without any other comments or questions.  (*Id*. at 7).  Appellant also explains her reason for arriving late and cites to "[R-45]" in support of her position.  Nevertheless, Appellant's reproduced record is unnumbered.  Further, nothing in either the certified record or Appellant's reproduced record confirms whether this alleged conversation occurred.  It is Appellant's responsibility to supply this Court with

On December 26, 2019, Appellant filed a petition to open the judgment of *non pros*. Appellee filed a response on January 15, 2020. On February 7, 2020, the court denied Appellant relief. Appellant timely filed a notice of appeal on February 24, 2020. On March 4, 2020, the court ordered Appellant to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal, and Appellant timely complied.[3]

Appellant raises the following issues for our review:

> Whether the trial court abused its discretion by granting Appellee's motion for *non-pros* because Appellant was one hour late for court and the trial court never inquired as to her excuse for the delay and whether Appellee was prejudiced by Appellant's action under Pa. Rules for Civil Procedure No. 218(a).

_____

a complete record for purposes of appeal. **Smith v. Smith**, 637 A.2d 622, 623 (Pa.Super. 1993), *appeal denied*, 539 Pa. 680, 652 A.2d 1325 (1994). "[A] failure by an [a]ppellant to insure that the original record certified for appeal contains sufficient information to conduct a proper review constitutes a waiver of the issue(s) sought to be examined." **Id.** at 623-24. **See also Kessler v. Broder**, 851 A.2d 944 (Pa.Super. 2004), *appeal denied*, 582 Pa. 676, 868 A.2d 1201 (2005) (reiterating appellant's responsibility to produce complete record for appeal). Thus, we cannot consider this alleged conversation which is not found in the record.

[3] On November 24, 2020, Appellee filed an application to quash this appeal, claiming that defects in Appellant's reproduced record hinder this Court's ability to address the issues. We agree that Appellant's reproduced record fails to comply with the relevant rules of appellate procedure. Nevertheless, the defects with the reproduced record do not inhibit our ability to conduct effective appellate review. Thus, we decline to quash the appeal. **See** Pa.R.A.P. 2101 (stating that if defects in brief or reproduced record are substantial, this Court **may** quash or dismiss appeal); **Fulano v. Fanjul Corp.**, 236 A.3d 1 (Pa.Super. 2020) (declining to quash appeal where defects in reproduced record did not substantially hamper this Court's review).

> Whether the trial court abused its discretion by denying Appellant's motion to open judgment of *non-pros* without considering the Appellant's excuse for delay.

(Appellant's Brief at 8).

For purposes of disposition, we combine Appellant's issues, as they are related. Appellant argues the court erred in granting Appellee's request for judgment of *non pros* following Appellant's failure to timely appear at trial. Appellant claims the court did not allow her an opportunity to explain her tardiness. Appellant contends the court also failed to analyze whether Appellee suffered any prejudice as a result of Appellant's actions.[4] Appellant concludes the court abused its discretion in entering judgment of *non pros* and in denying her request to open the judgment of *non pros*, and this Court must grant appropriate relief. We disagree.

The standard governing our review of a trial court's denial of a request to open a judgment of *non pros* is one of abuse of discretion. *See Jacobs v. Halloran*, 551 Pa. 350, 354, 710 A.2d 1098, 1101 (1998); *Stephens v. Messick*, 799 A.2d 793, 798 (Pa.Super. 2002). A trial court will be found to have abused its discretion if, in reaching its conclusion, the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable or the

---

[4] Appellant further insists the court abused its discretion by allowing Appellee to move for *non pros* instead of a nonsuit. Because Appellant presents this claim for the first time on appeal, it is waived for our review. *See* Pa.R.A.P. 302(a) (stating: "[i]ssues not raised in [trial] court are waived and cannot be raised for first time on appeal").

result of partiality, prejudice, bias or ill will. ***Bennett v. Home Depot, U.S.A. Inc.***, 764 A.2d 605, 606 (Pa.Super. 2000).

Pennsylvania Rule of Civil Procedure 218 provides:

> **Rule 218.  Party Not Ready When Case is Called for Trial**
>
> (a)   Where a case is called for trial, if without satisfactory excuse a plaintiff is not ready, the court may enter a nonsuit on motion of the defendant or a *non pros* on the court's own motion.
>
> (b)   If without satisfactory excuse a defendant is not ready, the plaintiff may
>
> (1)   proceed to trial, or,
>
> (2)   if the case called for trial is an appeal from compulsory arbitration, either proceed to trial or request the court to dismiss the appeal and reinstate the arbitration award.
>
> (c)   **A party who fails to appear for trial shall be deemed to be not ready without satisfactory excuse**.

Pa.R.C.P. 218 (emphasis added).  "The mere failure to appear for trial is a ground for the entry of a nonsuit or a judgment of *non pros* or the reinstatement of a compulsory arbitration award."  Pa.R.C.P. 218(c), *Note*.

Our Supreme Court has explained:

> A request to open a judgment of *non pros*, like the opening of a default judgment, is in the nature of an appeal to the equitable powers of the court and, in order for the judgment of *non pros* to be opened, three elements must coalesce: 1) the petition to open must be promptly filed; 2) the default or delay must be reasonably explained or excused; and 3) facts must be shown to exist which support a cause of action.

***Jung v. St. Paul's Parish***, 522 Pa. 167, 170, 560 A.2d 1356, 1358 (1989);

Pa.R.C.P. 3051 (governing relief from judgment of *non pros*).

When evaluating the explanation or excuse proffered by a party seeking

to open a judgment of *non pros* who failed to appear for trial, the court should

consider:

> 1) whether the failure to appear was inadvertent; 2) whether [the party's] failure to appear was part of a pattern of improper behavior, misconduct or abuse; 3) whether the court attempted to contact [the party] prior to dismissing the [case]; 4) whether the opposing party would be prejudiced by the delay; and 5) whether the court gave any consideration to lesser sanctions.

***Faison v. Turner***, 858 A.2d 1244, 1246-47 (Pa.Super. 2004) (citation

omitted).

Instantly, Appellant failed to appear at her scheduled trial.

Consequently, she was "deemed to be not ready without satisfactory excuse."

Pa.R.C.P. 218(c), *Note*. The trial court explained its rationale for entering a

judgment of *non pros*, and refusing Appellant's request to open the judgment,

as follows:

> From the moment this matter was called to trial, [Appellant] demonstrated a lack of due diligence in proceeding with the case at hand. Her repeated unavailability and tardiness showed a complete disregard for the [c]ourt's time and scheduling orders and an equal lack of consideration for the inconvenience her delays caused the jury and the opposing party. Despite a case management order indicating the case was being placed in the December trial pool, [Appellant] took a trip to Tacoma, Washington in early December. When the court accommodated [Appellant's] schedule and permitted jury selection to begin on December 16, 2019,

[Appellant] arrived several hours late. The following day, [Appellant] simply failed to appear without explanation.

In addition, there was no compelling reason for the delay because no reason was offered; neither [Appellant's] counsel nor [Appellant] offered any testimony on the record as to the reason for lateness or made a request to lift the Judgment of *Non Pros* on December 17, 2019. [Appellant's] Petition for Relief from Judgment of *Non Pros* alleged that [she] experienced car trouble that morning and arrived shortly after the Judgment of *Non Pros* had been entered. [Appellant], however, failed to inform the [c]ourt of these facts, failed to attempt to place these facts on record, and failed to request an evidentiary hearing to establish these facts. Rather, [Appellant] asks the court to accept this version of events despite no facts in the record supporting it. It is well-established that an appellate court cannot consider such assertions when they were not developed in the [trial] court. Moreover, [Appellant] offers no explanation as to why she failed to call either the court or her attorney and inform them of her dilemma.

Finally, [Appellee] was prejudiced by [Appellant's] delays. [Appellee] missed two days of work, endured the stress of a pending trial, and incurred [t]he costs of defense counsel waiting in the courtroom for [Appellant's] arrival with no estimated arrival time. Once a Judgment of *Non Pros* had been entered [Appellee] would clearly have been prejudiced if it had been lifted since the jury selected by the parties on December 16, 2019 could not be reconstituted.

(Trial Court Opinion, filed June 17, 2020, at unnumbered pp. 5-7) (internal citations omitted). We see no reason to disrupt the court's denial of Appellant's request to open the judgment of *non pros*. **See Jacobs, supra**. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/11/21