J-A20038-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CASH WRIGHT | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| PHILADELPHIA TAXI CAB SERVICE | : | No. 613 EDA 2022 |
| PHILADELPHIA PARKING AUTHORITY | : | |
| STATE FARM INSURANCE COMPANY | : | |
| AND FIRST KEYSTONE LIQUIDATION | : | |

Appeal from the Order Entered February 1, 2022
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  160602514

BEFORE:  STABILE, J., McCAFFERY, J., and PELLEGRINI, J.[*]

MEMORANDUM BY PELLEGRINI, J.:          **FILED SEPTEMBER 08, 2022**

Cash Wright (Wright) appeals an order of the Court of Common Pleas of Philadelphia County (trial court) denying Wright's petition to strike a judgment of *non pros* which had been entered in favor of the above-captioned Appellees after Wright failed to appear for a scheduled arbitration hearing.  We affirm.

**I.**

On August 21, 2014, Wright was allegedly involved in a traffic accident in which the vehicle Wright had been driving was struck from behind by a taxi.

_____

[*] Retired Senior Judge assigned to the Superior Court.

On June 23, 2016, Wright filed a complaint naming the Appellees as defendants in the action.

The trial court placed the matter on deferred status on July 5, 2016, due to a pending bankruptcy proceeding involving one of the Appellees, First Keystone Liquidation. These bankruptcy proceedings lasted about four years, at the end of which the present case was returned to active status. The trial court then placed the case into the compulsory arbitration program on October 21, 2020, and an arbitration hearing was scheduled for October 18, 2021.

Wright failed to appear at the arbitration hearing and the case was transferred to the major non-jury program with the consent of all parties who had been present at the scheduled arbitration hearing. On that same date, October 18, 2021, a notice was entered on the docket that the case would be heard by the trial court without the presence of Wright. The next day, the trial court entered a judgment of *non pros* because Wright had failed to appear at the arbitration hearing without providing cause or advance notice of his absence.

Over two months (71 days) later, after the notice was entered, on December 27, 2021, Wright filed a petition to strike the judgment of *non pros* so that he could resume his claims against the Appellees. He argued in his petition that the judgment of *non pros* should be stricken because none of the parties to the action had been prejudiced by the delay caused by his absence from the arbitration hearing.

Additionally, Wright argued that it was reasonable for him to assume the arbitration would not take place on the scheduled date because he was concerned about his exposure to Covid-19 and he would have needed a continuance to accommodate his hearing disability. Notably, however, Wright did not specify in any detail what steps he had taken to request accommodations for those apparent difficulties, nor did he offer any explanation as to why he had failed to make any timely request for a continuance between the notice date of the hearing (October 21, 2020) and the date on which the hearing was scheduled to be held (October 18, 2021).

The trial court denied the petition to strike the judgment of *non pros* on February 22, 2022. Wright timely appealed, *pro se*, and the trial court submitted a 1925(a) opinion outlining the reasons why its order should be affirmed. **See** Trial Court 1925(a) Opinion, 4/12/2022, at 3-6. In Wright's brief, he reiterates that the trial court erred in denying his petition to strike the judgment of *non pros* because the Appellees were not prejudiced by any delays attributable to Wright, and his absence at the arbitration hearing was reasonable.[1]

---

[1] An answer brief was filed on behalf of the Appellee, State Farm Insurance Company. No brief was filed on behalf of the remaining Appellees.

**II.**

The only issue in this appeal is whether the trial court acted within its discretion in denying Wright's petition to strike a judgment of *non pros* which was entered after he failed to appear at the scheduled arbitration hearing.

"The decision whether to enter a judgment of *non pros* is committed to the sound discretion of the trial court and will not be disturbed on appeal absent an abuse of discretion." ***Stephens v. Messick***, 799 A.2d 793, 798 (Pa. Super. 2002). Likewise, "[a] trial court's decision to deny a petition to open or strike a judgment of *non pros* is scrutinized on the abuse of discretion standard of appellate review." ***Madrid v. Alpine Mt. Corp.***, 24 A.3d 380, 382 (Pa. Super. 2011).

When a board of arbitrators is convened for a hearing and one or more parties is not ready or present, "the case shall proceed and the arbitrators shall make an award unless the court (1) orders a continuance, or (2) hears the matter if the notice of hearing contains the statement required by subdivision (a)(2) and all parties present consent." Pa.R.C.P. No. 1303(b).

The Philadelphia County Local Rules also provide that "if one or more parties is not present at the [arbitration] hearing, the matter may be heard at the same time and date before a judge of the court without the absent party or parties." Phila.Civ.R. *1303. Under such circumstances, the trial court has discretion to "take action not available to the arbitrators, including the entry

of a nonsuit if the plaintiff is not ready or a *non pros* if neither party is ready." Pa.R.C.P. No. 1303(b) cmt.

Once a judgment of *non pros* has been entered, a plaintiff may petition the trial court to open the case, and such a petition is the only means by which relief from a judgment of *non pros* may be sought. **See** Pa.R.C.P. 3051(a). "A request to open a judgment of *non pros*, like the opening of a default judgment, is in the nature of an appeal to the equitable powers of the court." **Madrid**, 24 A.3d at 382 (quoting **Jung v. St. Paul's Parish**, 560 A.2d 1356, 1358 (Pa. 1989)).

A trial court may grant a petition to open a case and strike a judgment of *non pros* under Pa.R.C.P. 3051(b) if three elements are met: "1) the petition to open must be promptly filed; 2) the default or delay [giving rise to the entry of judgment] must be reasonably explained or excused; and 3) the facts must be shown to exist which support a cause of action." **Id.** (quoting **Jung**, 560 A.2d at 1358). Where a petition to strike a judgment of *non pros* is denied, the resulting appeal relates to the order denying the petition and not to the entry of the underlying judgment itself. **See id.** 24 A.3d at 382.

Moreover, if a judgment of *non pros* has been entered due to the plaintiff's "inactivity" in prosecuting the case, then the petition to open must establish that the delays caused no actual prejudice to the defendant, and that the plaintiff has acted with reasonable promptness. **See** Pa.R.C.P.

3051(c)(3); *see also James Bros. Lumber Co. v Union Banking & Trust Co.*, 247 A.2d 587 (Pa. Super. 1968).

In the present case, the trial court initially entered a judgment of *non pros* due to Wright's failure to appear at a scheduled arbitration hearing, and Wright's petition to open the case was denied under Pa.R.C.P. 3051(b) because he did not meet the first two elements of a meritorious petition to open/strike – prompt filing of the petition, and a reasonable explanation or legitimate excuse for the conduct that gave rise to the entry of judgment. *See* Trial Court 1925(a) Opinion, 4/12/2022, at 3-6. Each of these elements will be addressed in turn below.

*First*, Wright filed his petition to strike the judgment of *non pros* on December 27, 2021, which was 71 days after the judgment of October 19, 2021 was entered. We find that the trial court acted within its discretion in determining that Wright's petition was not promptly filed.

There is no definite "period within which a petition to open a judgment must be filed to qualify as timel[y]." *Myers v. Wells Fargo Bank N.A.*, 986 A.2d 171, 176 (Pa. Super. 2009) (quoting *US Bank N.A. v. Mallory*, 982 A.2d 986, 994 (Pa. Super. 2009)). Rather, in evaluating the timeliness of such a petition, courts must "consider the length of time between discovery of the entry of the default judgment and the reason for delay." *Id.* (quoting *Mallory*, 982 A.2d at 994). A period of one month between the date of notice of the judgment's entry and the filing of a petition to open is generally

considered to be "prompt." ***See id.***; ***see also Roy by and through Roy v. Rue***, 273 A.3d 1174, 1190 (Pa. Super. 2022) (holding that plaintiff had failed to meet the prompt filing standard due to the unexplained 51-day delay between date of default judgment and petition to open).

In this case, Wright has given no reason for the 71-day delay in filing his petition and there is no evidence in the record suggesting that he received inadequate notice of the judgment. Accordingly, the trial court did not abuse its discretion in ruling that the petition was untimely. ***See e.g.***, ***Madrid***, 24 A.3d at 383 (holding that a petition to open filed 56 days after the entry of judgment of *non pros* was untimely and noting that unexplained delays in filing of 37, 41 and 47 days had previously been held to be untimely); ***Roy***, 273 A.3d at 1190 (unexplained 51-day delay was not prompt).

*Second*, Wright has failed to provide a reasonable explanation or legitimate excuse for his failure to appear at the arbitration hearing on October 18, 2021. In his brief, Wright attempted to justify his absence by noting his concerns about Covid-19 and related court closures. He also argues that the arbitration hearing should have been continued for him to obtain accommodations for his hearing difficulties.

Yet Wright offered no evidentiary support establishing that his failure to appear at the scheduled arbitration hearing was reasonable or excusable. The case docket reflects that Wright did not request a continuance of the hearing or seek any special accommodations relating to a disability. From what this

Court can glean from Wright's nearly incomprehensible brief, he simply assumed that the arbitration hearing would be continued. Nothing in the record supports Wright's claim that his absence was reasonable or excusable.[2]

Thus, the trial court did not abuse its discretion in concluding that Wright failed to file a timely petition to strike the judgment of *non pros* and that he did not provide a reasonable explanation or legitimate excuse for his absence at the arbitration hearing.

Order affirmed.

*Judgment Entered.*

*Joseph D. Seletyn, Esq.*
*Prothonotary*

Date: *9/8/2022*

_____

[2] Wright has also argued in his brief that his petition was erroneously denied because the Appellees did not establish that Wright's delays caused them actual prejudice, as would be required under Pa.R.C.P. 3051(c) to justify the petition's denial. However, as the trial court explained in its 1925(a) opinion, this case is governed by Pa.R.C.P. 3051*(b)*, which has no such prejudice element. **See** Trial Court 1925(a) Opinion, 4/12/2022, at 4-5. Only subsection (b) applies here because Wright's unreasonable absence at the scheduled arbitration hearing was "the conduct that gave rise to the entry of judgment of *non pros*." Subsection (c) would have only applied had the entry of the judgment resulted from Wright's "inactivity" in proceeding with the case. **See** Pa.R.C.P. 3051(c). However, since the judgment was not entered due to inactivity, no showing of prejudice to the Appellees was needed in order for the trial court to deny Wright's petition. **See generally James Bros. Lumber Co. v Union Banking & Trust Co.**, 247 A.2d 587 (Pa. Super. 1968).